UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 1:20-cv-10660-MLW

| | |
|---|---|
| STEVEN C. MILLER, | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | ) |
| | ) |
| JEFFREY PUGLIESE, an individual and | ) |
| a police officer for the City of Watertown, | ) |
| SEAN BOWLER, an individual and | ) |
| a police officer for the City of Watertown, | ) |
| JOSEPH REYNOLDS, an individual and | ) |
| a police officer for the City of Watertown, | ) |
| MICHAEL PELRINE, an individual and | ) |
| a police officer for the Town of Belmont, | ) |
| ANTHONY DESTEFANO, an individual and | ) |
| a police officer for the Town of Belmont, | ) |
| MARCO D'ANDREA, an individual and | ) |
| a police officer for the Town of Belmont, | ) |
| KEVIN SHEA, an individual and | ) |
| a police officer for the Town of Belmont, | ) |
| and | ) |
| THE TOWN OF BELMONT, | ) |
| a Massachusetts Municipal Corporation, | ) |
|    Defendants | ) |

**PLAINTIFF'S OPPOSITION TO BELMONT DEFENDANTS'
MOTION TO OBTAIN CORI RECORDS AS REQUESTED
With Memorandum of Law in Support of Opposition**

NOW COMES the Plaintiff in the above-captioned matter and hereby OPPOSES the Belmont Defendants' (Town of Belmont, Michael Pelrine, Anthony Destefano, Marco D'Andrea, and Kevin Shea) motion to obtain the Plaintiff's CORI records without adequate safeguards.

AS GROUNDS THEREFORE, the Plaintiff submits this MEMORANDUM OF LAW in support of his opposition, with PROPOSED language for any order issued by this court in the event that the Defendants' motion is allowed.

MEMORANDUM

Courts have allowed defendants to obtain the CORI records of non-client plaintiff litigants for purposes of impeaching the plaintiff as a witness, but that right is not without limits and should be subject to certain protections for the plaintiff.

**Need for a Subpoena**

Rule 45 of the Federal Rules of Civil Procedure requires that "*Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).  The Plaintiff has not yet been provided a notice and copy of any such subpoena.

Obtaining a court order to accompany that subpoena may be in order, but the Plaintiff is entitled to notice *and copy* of the subpoena (with any Appendix of Documents Sought), and the Defendants should have also provided this court with a copy of that subpoena so that any dispute as to the subpoena or its requested documents because of potential lack of safeguards could have been addressed here.

This court should require the Defendants to provide a copy of the subpoena to the Plaintiff and to the court prior to ruling on the Defendants' motion and prior to issuing any order.

**<u>Safeguards</u>**

803 CMR 2.07(3)(e) provides that "CORI accessed by an attorney for a non-client, beyond what is available *via* Open Access to CORI, may only be disseminated: 1. **<u>*as allowed by the court that issued the order*</u>**; or 2. as otherwise authorized by law." (Emphasis added).

In that vein, should the court grant the Defendants' motion, the Plaintiff requests that the court provide the following safeguards in any order it may issue:

**PROPOSED USE RESTRICTIONS IN ANY ORDER FOR CORI RECORDS:**

<u>First</u>: With respect to all CORI materials disclosed by the DCJIS to defense counsel of record in this case, defense counsel of record and the agents of defense counsel (members of the office of defense counsel who are directly engaged in assisting in the legal defense of this case, and other persons retained by defense counsel for the purpose of assisting in the legal defense of this case) may further disclose such materials, or information contained therein, only for the purpose of the legal defense of the above-captioned case. Such permissible disclosure by defense counsel of record and the agents of defense counsel of record includes providing the above-referenced materials, and the information contained therein, to the defendants for the purpose of the legal defense of the above-captioned case.

<u>Second</u>: Defense counsel of record may disclose such materials, and information contained therein, to potential witnesses only for the purpose of the legal defense in this matter, provided that defense counsel of record have made a good faith determination that such disclosure is necessary to the proper preparation of the legal defense in this case. In addition, defense counsel of record must redact any social security numbers, dates of birth, home

addresses, and financial account numbers of the plaintiff from the copies of CORI materials shown to such witnesses.

<u>Third</u>: No defendant nor any other person receiving from defense counsel of record or the agents of defense counsel the CORI materials, or the information contained therein, disclosed to defense counsel by the DCJIS in this case, is permitted to further disseminate or further disclose such materials or information for any purpose at any time.

<u>Fourth</u>:  The DCJIS should not produce any information regarding juvenile offenses and defense counsel should specifically indicate in the subpoena that it is *not* seeking such juvenile offense records.

<u>Fifth</u>:  Defense counsel shall provide the Plaintiff with a copy of any CORI records obtained.


As a final note to the court, the Plaintiff was willing to agree in principle to the Defendants obtaining the Plaintiff's CORI records on condition that the Defendants agree that the Plaintiff can obtain the Defendants' CORI records, but Defense counsel for the Belmont Defendants did not agree to affording the Plaintiff the same opportunity to obtain any CORI records of the Belmont Defendant police officers for impeachment purposes because (according to defense counsel) there is no "good faith basis" to seek such records and that defense counsel "doubts" that any officer has a CORI record.

The good faith basis for the request for the Defendant officers CORI information is the same as for requesting the Plaintiff's CORI records:  It is for potential impeachment purposes. Fairness and equal protection dictates that the Plaintiff should be afforded the same opportunity.

Should there be no such records, then so be it – but the Plaintiff should not be denied that same opportunity.

The opinion of defense counsel that he "doubts" a police officer will have a CORI record should have no bearing on the ability of the Plaintiff to request and obtain such records. There is no blanket exception to obtaining or seeking CORI records of a witness simply because he or she is a police officer.

The Plaintiff will be filing his own motion to obtain the CORI records of all individual defendants in a separate filing. Defense counsel for Belmont has already refused to agree to such in a Rule 7.1 communication.

FOR THE FOREGOING REASONS,

The Plaintiff requests that this Honorable Court DENY the Defendants' motion to obtain the Plaintiff's CORI records, but if it does grant such motion, that it limit the order as mentioned in the five "Proposed Use Restrictions" as outlined above and require notice and a copy of any proposed subpoena for such records.

|  |  |
|---|---|
| Dated: November 22, 2020 | RESPECTFULLY SUBMITTED<br>Plaintiff, STEVEN C. MILLER,<br>by his attorney,<br><br>/s/ *Laurence E. Sweeney*<br>Laurence E. Sweeney, BBO# 559208<br>Email: lsweeneyrph@comcast.net<br>9 Lynn Ave.<br>North Chelmsford, MA 01863<br>Tel: 978-884-2140<br>Fax: 978-418-8255 (fax) |

## CERTIFICATE OF SERVICE

I, the undersigned, Laurence E. Sweeney, Esq., do hereby certify that the foregoing document, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants, if any.

Dated: November 22, 2020

                                                /s/ *Laurence E. Sweeney, Esq.*
                                                Laurence E. Sweeney, Esq.