UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN C. MILLER,<br>    Plaintiff,<br><br>    v.<br><br>JEFFREY PUGLIESE, an individual and a police officer for the City of Watertown,<br>SEAN BOWLER, an individual and a police officer for the City of Watertown,<br>JOSEPH REYNOLDS, an individual and a police officer for the City of Watertown,<br>MICHAEL PELRINE, an individual and a police officer for the Town of Belmont,<br>ANTHONY DESTEFANO, an individual and a police officer for the Town of Belmont,<br>MARCO D'ANDREA, an individual and a police officer for the Town of Belmont,<br>KEVIN SHEA, an individual and a police officer for the Town of Belmont, and<br>THE TOWN OF BELMONT, a Massachusetts Municipal Corporation,<br>    Defendants. | C.A. No. 20-10660-MLW |

ORDER

WOLF, D.J.                                                                                                          March 23, 2021

      Defendants move for an order compelling the Massachusetts Department of Criminal Justice Information Services ("DCJIS") to

produce all Criminal Offender Record Information ("CORI") relating to plaintiff Steven C. Miller. See Defendants' Motion to Obtain Plaintiff's CORI Records (the "Motion") (Dkt. No. 29). They contend that these records may be admissible for impeachment purposes and are, therefore, relevant and discoverable. See Defendants' Memorandum in Support of their Motion to Obtain Plaintiff's CORI Records (Dkt. No. 30) at 2-3. Plaintiff opposes the Motion on the grounds that defendants have not yet complied with the subpoena procedures of Fed. R. Civ. Pro. 45(a). See Plaintiff's Opposition to Defendants' Motion (the "Opposition") (Dkt. No. 31) at 2. He alternatively requests that the court narrow the scope of the CORI records and limit defendants' use of them. See id. at 3-5.

Defendants' Motion does not state that they intend to serve a subpoena on DCJIS, and they do not require a subpoena to obtain plaintiff's CORI records. See 803 Mass. Code Regs. 2.07(4)(d)-(e) (describing attorney access to non-client CORI records). The service and notice requirements of Fed. R. Civ. Pro. 45(a), therefore, do not apply.

However, defendants seek not only records of adult criminal offenses, but all of plaintiff's criminal history information. See Motion at 3. Records of juvenile criminal activity are generally not included as CORI, see 803 Mass. Code Regs. 2.02

2

("[c]riminal offender record information. . . shall not include any information concerning criminal offenses or acts of delinquency committed by any person before he or she attained 18 years of age"), and are not admissible for impeachment in a civil case, see Fed. R. Evid. 609(d). In addition, due to the sensitive nature of CORI records, certain limitations on the use of the CORI records are appropriate.

In view of the foregoing, defendants' Motion (Dkt. No. 29) is hereby ALLOWED, in part, as follows:

1. The Massachusetts Department of Criminal Justice Information Services, upon presentation of this Order, shall release to counsel for defendants, John J. Cloherty III, or his representative, any adult criminal history information or CORI pertaining to:

    Name: Steven C. Miller
    Address: 870 Belmont Street, Watertown, MA 02472
    DOB: \*\*/\*\*/1964
    SS#: \*\*\*-\*\*-8049

The Massachusetts Department of Criminal Justice Information Services shall not release to Mr. Cloherty, or his representative, any records pertaining to criminal offenses or acts of delinquency committed by Steven C. Miller prior to his eighteenth birthday.

2. The information provided pursuant to paragraph 1 hereinabove shall be disclosed only to: (a) Mr. Cloherty, defendants, and those working with them on this case; (b)

plaintiff, his counsel and those working with them on this case; and (c) witnesses if necessary. Defense counsel shall redact any social security number, date of birth, home addresses, and financial account numbers from any CORI or adult criminal history materials shown to witnesses.

3. Any violation of this Order may constitute civil and/or criminal contempt and also be punished as a violation of Mass. Gen. Laws c.6, §178.

                                                /s/ Mark L. Wolf
                                          UNITED STATES DISTRICT JUDGE

4